IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANSLEY AT PRINCETON LAKES,   :
    Plaintiff,              :
                                 :      CIVIL ACTION NO.
    v.                     :      1:14-CV-1520-TWT-WEJ
                                 :
KIMBERLY CROSSLEY,      :
    Defendant.          :
                                 :
                                 :

**ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Defendant pro se, Kimberly Crossley, is facing a dispossessory proceeding in

the Magistrate Court of Fulton County, Georgia.  (See Petition for Removal [1-1] &

Attachs.)  Defendant seeks to remove that case to this Court and has submitted an

Application to Proceed in forma pauperis [1] showing an inability to pay the removal

fee at this time.  Accordingly, the Court **GRANTS** the request to proceed in forma

pauperis.  However, the Court is compelled to remand any action which has been

improperly removed; therefore, the undersigned examines this case to determine if

removal is proper.  Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240

(11th Cir. 2003) (explaining that federal courts have an obligation to dismiss an action

sua sponte if subject matter jurisdiction is lacking).

Attached to the Petition for Removal is a "Proceeding Against Tenant Holding Over" [1-1] filed in the Magistrate Court of Fulton County.  In the Petition for Removal, defendant indicates that she is a resident of Atlanta, Georgia, and alleges that the state court proceeding violates the United States Constitution and various federal laws.  (See generally Petition for Removal.)

A party who removes a state court case to federal district court pursuant to 28 U.S.C. § 1441 must prove that the court possesses "original jurisdiction."  McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936).  Moreover, removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand.  See Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  The removing party has the burden of demonstrating the propriety of removal, Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996), and federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking, Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003).

Original jurisdiction arises if there is diversity of parties or a federal question. 28 U.S.C. § 1441(a)-(b). However, § 1441(b)(2) bars removal on the basis of diversity if the "defendant[] is a citizen of the State in which [the] action is brought."  Id. § 1441(b).  Likewise, unless a "substantial" federal question is presented on the face of the state court complaint, the case does not arise under federal law.  Rivet v. Regions

2

Bank of La., 522 U.S. 470, 475 (1998); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997).  Neither a defendant's answer nor a notice of removal may be used to establish federal question jurisdiction.  Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); Buice v. Buford Broad., Inc., 553 F. Supp. 388, 389 (N.D. Ga. 1983).

Because defendant is a Georgia domiciliary, the Court does not have diversity jurisdiction over this Fulton County action.  Likewise, the "Proceeding Against Tenant Holding Over" indicates no federal question.  Plaintiff, Ansley at Princeton Lakes, cannot be subjected to federal jurisdiction after having filed for eviction on state law grounds in state court.  Accordingly, because defendant has failed to demonstrate any lawful basis for removal of the action, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Fulton County pursuant to 28 U.S.C. § 1446(c)(4).

## IV.   CONCLUSION

For the reasons set forth above, the undersigned **GRANTS** the Application to Proceed in District Court without Prepaying Fees or Costs [1] for the limited purpose of remand, and **RECOMMENDS** this case be **REMANDED** to the Magistrate Court of Fulton County, Georgia.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

AO 72A
(Rev.8/82)

**SO ORDERED AND RECOMMENDED**, this 21st day of May, 2014.

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

4